813 A.2d 546

IN THE MATTER OF CARL C. BOWMAN,
AN ATTORNEY AT LAW.

January 17, 2003.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 02–115, concluding that **CARL C. BOWMAN** of **WESTVILLE,** who was admitted to the bar of this State in 1962, and who was temporarily suspended by Order of this Court on November 6, 2002, and who remains suspended at this time, should be suspended from the practice of law for a period of six months for violating RPC 1.1(a) (gross neglect), RPC 1.1(b) (pattern of neglect); RPC 1.3 (lack of diligence); RPC 1.4(a) (failure to communicate); RPC 1.4(b) (failure to explain matter to extent reasonably necessary to permit client to make informed decisions); RPC 1.5(b) (failure to provide written fee agreement; RPC 1.16(d)) (failing to take steps to protect client's interests on termination of representation), RPC 8.1(a) (false statement of material fact in a disciplinary matter); and RPC 8.4(c) (dishonesty, fraud, deceit, or misrepresentation); And the Disciplinary Review Board having further determined that prior to reinstatement to practice, respondent should be required to submit proof of

fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **CARL C. BOWMAN** is suspended from the practice of law for a period of six-months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that there is no basis on which to continue the temporary suspension from practice ordered by the Court on November 16, 2002; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file. as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.